## EX PARTE CALZADA.

### APPEAL from the District Court of San Juan.

No. 68.—Decided May 12, 1904.

DOMINION TITLE—POSSESSION TO ACQUIRE THE SAME—PRESCRIPTION.—In order to acquire the ownership of real property by ordinary prescription, it is necessary to show the time of possession of the petitioner or that of his predecessors in interest, as well as whether or not he was in posssession under title, and if so, the nature of the same.

STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San

Juan, á instancia del Abogado Don Emigdio S. Ginorio, á nombre de Don Sergio Calzada Ferrer, sobre acreditar el dominio de una finca rústica, pendientes ante Nos á virtud del recurso de apelación interpuesto por el promovente contra la sentencia dictada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

"Puerto Rico, Junio diez y siete de mil novecientos tres.

*Resultando*: que Don Sergio Calzada Ferrer ha promovido expediente de dominio para acreditar el de una finca rústica, radicada en el barrio de Lomas, de Río Grande, de diez y siete cuerdas, con casa de madera techada de paja y lindante el terreno por el Norte con Marcelo Mundo y el Rio Canovanillas, Sud y Este, Don José Albandoz, y Oeste, el citado Río; adquirida la finca por compra á Tomás del Valle por $280 sin mediar título alguno.

*Resultando*: que admitida la información, publicados los edictos, citados el Sr. Fiscal, los colindantes Mundo y Albandoz y el vendedor, declararon dos destigos ser cierto que el promovente es dueño en pleno dominio y posee quieta y pacíficamente y sin interrupción de nadie la finca descrita con la casa que adquirió de Tomás del Valle, sin mediar título alguno en la compra.

*Resultando*: que vencido el término de prueba se citaron al promovente y al Sr. Fiscal solamente, por no haberse presentado ningún opositor, á una comparecencia verbal alegando el actor lo que estimó conveniente.

*Considerando*: que si bien las declaratorias de dominio para los efectos de la inscripción en el Registro de la Propiedad, que en expedientes de esta naturaleza se hagan, no merecen en manera alguna el concepto de definitivo, por poderse promover otro juicio sobre el mismo objeto, causa de la inscripción que se resuelva, según sentencia del Supremo de 29 de Abril de 1887, es lo cierto que la Ley Hipotecaria concede á los propietarios que carecen de título escrito de dominio dos caminos distintos, uno, justificar la posesión, de que se ocupan los artículos 390 al 393, los que pueden convertirse en inscripciones de dominio, pasado el término que la Ley determina; y el otro, los expedientes de dominio que refieren el 395.

*Considerando*: que al consignar la ley en esos diversos artículos derechos á los propietarios, no es para que lo elijan á su capricho, pues de lo contrario holgarían los artículos referentes á los posesorios y el de conversión de posesorio en dominio.

Juan at the instance of Attorney Emigdio S. Ginorio, on behalf of Sergio Calzada Ferrer, for the purpose of establishing the ownership of a rural estate. The case is pending before us on an appeal taken by the petitioner from the judgment rendered by the said district court, which reads as follows:

"Porto Rico, June 17, 1903. Sergio Calzada Ferrer instituted proceedings to establish the ownership of a rural estate situated in *barrio* 'Lomas,' of Rio Grande, consisting of seventeen *cuerdas*, with a frame house having a roof of straw, being bounded on the north by lands of Marcelo Mundo and the Canovanillas river, on the south and east by lands of José Albandoz, and on the west by said river, the estate having been acquired by purchase from Tomás del Valle for the sum of two hundred and eighty dollars, without any title having intervened.

"The investigation having been allowed, the notices published, and the *Fiscal*, adjoining property owners, Mundo and Albandoz, and the vendor having been cited, two of the witnesses testified that it is true that the petitioner is the full owner and has been in quiet and peaceable possession, without interruption on the part of any one, of the land described, together with the house, which he acquired from Tomás del Valle, without any title having intervened in the purchase.

"The probatory period having expired, only the petitioner and the *Fiscal* were cited, for the reason that no contestant appeared, to a verbal hearing, at which the petitioner alleged such matters as he deemed advisable.

"Although declarations of ownership for the purposes of admission to record in the Registry of Property, made in proceedings of this nature, do not in any way deserve to be considered as final, inasmuch as another proceeding involving the same subject-matter may be instituted by reason of the record which is ordered, according to a decision of the Supreme Court of April 29, 1887, it is true that the Mortgage Law affords to landowners who have no written title of ownership two different courses, one to establish the possession referred to in articles 390 to 393, which may be converted into records of ownership upon the expiration of the period prescribed by law; and the other the proceedings concerning ownership referred to in article 395.

"The law, in prescribing the rights of landowners in these various articles, does not do so in order that they may elect the same at their caprice, since, on the contrary, the articles relative to the possessory titles and that of the conversion of a possessory title into one of ownership would be superfluous.

*Considerando* : que comprueba y demuestra lo expuesto las palabras del 395 al decir que el dominio se ha de justificar con las formalidades que prescribe, entre ellos, las pruebas legales que de la adquisición pueda ofrecer, agregando después que el Juez, calificando dichas pruebas, con un criterio racional declarará justificado ó no el dominio, demostrando todo ello la distinción antes expresada y que no deben ser idénticas las pruebas en uno y otro.

*Considerando* : que dado el resultado de la prueba inserta en el segundo resultando, que ni siquiera contiene el tiempo que ha durado la posesión que para los posesorios requiere el art. 391 de la Ley Hipotecaria. Se declara no haber lugar á la declaratoria de dominio que Don Sergio Calzada Ferrer solicita de la finca rústica mencionada en el primer resultando. Lo acuerdan y firman los Señores del Tribunal y certifico. Juan Morera Martínez, Frank H. Richmond. Luis Mendez Vaz.''

*Resultando* : que contra esta sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente, y se señaló día para la vista, á cuyo acto solo asistió el Sr. Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Ginorio (Emigdio S.).*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente, Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando* : que apreciada la prueba ofrecida por el promovente Don Sergio Calzada Ferrer, y que se reduce á las declaraciones de los dos testigos que han depuesto en el presente informativo, no es posible accederse á la declaratoria de dominio que interesa dicho Calzada Ferrer, toda vez que los testigos no acreditan el tiempo de posesión que lleva el promovente, y que en su escrito dice que no excede de dos meses, ni el que poseyera su causante, ni si poseía, ó no, con título, y

"The foregoing statements are proven and demonstrated by the language of article 395 in providing that ownership must be established with the formalities therein prescribed, among others, the legal evidence which may be submitted with respect to the acquisition, subsequently adding that the judge, in classifying said evidence in the exercise of a rational judgment, shall declare whether the ownership of the property in question above set forth, and that the evidence in one case and the other should not be the same.

"In view of the result of the evidence set forth in the second finding of fact, which does not even show the duration of the possession as required by article 391 of the Mortgage Law in cases of possessory titles, the declaration of ownership applied for by Sergio Calzada Ferrer of the rural estate referred to in the first finding of fact is denied. It was so ordered and signed by the members of the court, to which I certify: Juan Morera Martínez, Frank H, Richmond.—Luis Mendez Vaz."

From this judgment counsel for the petitioner took an appeal, which was admitted for a review and stay of proceedings, and the record having been forwarded to this court, after citation of the parties, and the appellant having appeared, the appeal was conducted according to the proper procedure and a day set for the hearing, at which no one appeared except the *Fiscal* of this Supreme Court, who opposed the appeal.

*Mr. Ginorio (Emigdio S.),* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact contained in the judgment appealed from are accepted.

After considering the evidence offered by the petitioner, Sergio Calzada Ferrer, and which reduces itself to the testimony of two witnesses who testified in the present proceeding, the declaration of ownership applied for by said Calzada Ferrer cannot be made, isasmuch as the witnesses do not show the time of possession of the petitioner, and which he alleges in his petition does not exceed two months, nor the time his predecessor in interest was in possession, nor whether or not he was in possession under title, and if so, of what said title

en caso afirmativo, cual fuera éste, requisitos necesarios para probar la adquisición del dominio de un inmueble por la prescripción ordinaria, ó sea de menos de 30 años.

*Visto* el artículo 395 de la vigente Ley Hipotecaria y la Orden Judicial de 4 de Abril de 1899.

*Fallamos* que debemos confirmar y confirmamos la sentencia apelada en cuanto por ella se resuelve no haber lugar á la declaratoria de dominio solicitada por Don Sergio Calzada Ferrer, con las costas á su cargo.

consisted; which requisites are necessary to prove the acquisition of the ownership of real property by ordinary prescription, or not less than thirty years.

In view of article 395 of the Mortgage Law in force and the Judicial Order of April 4, 1899, we adjudge that we ought to affirm and do affirm the judgment appealed from, in so far as it denies the declaration of ownership applied for by Sergio Calzada Ferrer, he to pay the costs.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.